### John H. Smith et al., Appellees, v. Albert H. Sears, Appellant.

### Gen. No. 5448.

BROKERS AND FACTORS—*when real estate agent entitled to commissions.* If an agent is instrumental in bringing the parties together he is entitled to his commissions regardless of the fact that the owner himself concluded the sale upon a price less than and upon terms different from those at which the agent was authorized to sell.

Assumpsit. Appeal from the Circuit Court of Kendall county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

SEARS & SOLFISBURG, for appellant.

C. A. DARNELL and RAYMOND & NEWHALL, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

John H. Smith and Ivan L. Smith brought this suit against Albert H. Sears in the Circuit Court of Ken-

dall county to recover $1037.50 as commissions for the sale of a factory and a portion of the machinery and supplies therein, and $11 for other services. A trial before the court without a jury resulted in a judgment for $1045.50 and Sears prosecutes this appeal to review the judgment.

Appellees were partners and real estate brokers operating in Plano, in said county. Appellant owned considerable property there. In 1905 appellant placed with appellees for sale a number of pieces of real estate at 2½% commission and in 1908 a factory known as the Sears Manufacturing Works, including certain land connected therewith, located near the Independent Harvester Co.'s plant. In the fall of 1909 W. C. Thompson, president of the Independent Harvester Co., purchased the Sears factory for $40,000 and some of its machinery and supplies.

Appellees contend that they procured the purchaser; and that they were to receive 2½% commission. Appellant denies both these claims; and urges that the judgment is excessive if appellees are entitled to recover.

It is undisputed that in March, 1909, appellees negotiated an option for the purchase of the factory by some parties in Iowa. The option was permitted to lapse. Appellees communicated the fact to appellant. Appellant asked them to try again to sell the factory. Thompson testified that appellee, John H. Smith, first called his attention to the fact that the factory was for sale; that his attention was next called to it by appellant; that appellant proposed to him to incorporate the Sears Harvester Manufacturing Co. for $250,000, he to retain half the stock and Thompson to take the other half; that he told appellant that the price was too high and dropped the matter; that the next time he knew about it was in the fall of 1909 when John H. Smith came to him and said that he had the property for sale at a certain price, and he replied that he would

not consider it at all at that time. Later, the Independent Harvester Co. needed more room; he learned from appellees that they still had the factory for sale at a stated price; that afterwards John H. Smith brought Sears to his office and appellant offered to sell the factory for $50,000; that John H. Smith and appellant came back the following day and a contract was made for the sale of the property for $40,000, and a portion of the machinery and supplies therein, the quantity and also the price to be afterwards determined; that appellees were not his agents and he paid them no commissions. Appellant testified that he did not authorize anybody to represent him in the sale of the factory, but did not deny that he placed the factory with appellees for sale in 1908 and that he accompanied John H. Smith to Thompson's office and there talked over the terms of the sale, or that on the following day John H. Smith was present at Thompson's office when the contract was executed. The evidence, in our opinion, clearly establishes the fact that appellees were instrumental in bringing together Thompson and appellant. This being true, appellees are entitled, as a matter of law, to recover from appellant compensation for their services, regardless of the fact that appellant himself concluded the sale upon a price less and upon terms different from those at which appellees were authorized to sell. Henry v. Stewart, 185 Ill. 448; Wilson v. Mason, 158 Ill. 304; Hafner v. Herron, 165 Ill. 242.

John H. Smith testified that appellant said he would pay 2½% commission on all sales made by appellees. Appellant did not deny this statement except as to the factory. Ivan L. Smith testified that he was present at a conversation between John H. Smith and Sears before the sale of the factory, in which the sale by appellees of other property belonging to appellant was talked over, and in that conversation appellant said that appellees should have 2½% on everything that was sold. Appellant admitted the conversation in re-

lation to 2½%, but claimed that it was more in reference to properties other than the factory. We are of the opinion that the evidence clearly establishes appellees' claim that they were to receive 2½% commission.

It is not disputed that the factory sold for $40,000 but the ground of appellants' claim that the judgment is excessive is that the evidence fails to show the exact amount of the sale of the machinery and supplies. The record shows that appellant was shown a statement of appellees' account due for commissions on the sale; that he did not dispute the amount of the sale, but said only the commissions were too much. While the proof as to the amount of machinery and supplies included in the sale is, in a manner, indefinite, we think that his failure to dispute the amount of the sale when presented with the statement justified the trial court in finding that the sale included an amount sufficient to warrant the allowance made for commissions.

No error of law appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*